# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

CYRIL R. ANYAOHA,
           Appellant,

      v.

OFFICE OF PERSONNEL
  MANAGEMENT,
           Agency.

DOCKET NUMBER
SF-844E-18-0424-I-1

DATE: July 11, 2023

## THIS ORDER IS NONPRECEDENTIAL[1]

<u>Henry E. Leinen</u>, Pacific Grove, California, for the appellant.

<u>Cynthia Reinhold</u>, Washington, D.C., for the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

### REMAND ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed his disability retirement annuity appeal for lack of jurisdiction, finding that the Office of Personnel Management (OPM) had failed to issue a requisite final decision. For the reasons discussed below, we GRANT the appellant's

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

petition for review, VACATE the initial decision, and REMAND the case to the Western Regional Office for further adjudication in accordance with this Remand Order.

## BACKGROUND

¶2 OPM approved the appellant's disability retirement based on depression and post-traumatic stress disorder (PTSD) conditions in 2012. Initial Appeal File (IAF), Tab 1 at 8. It terminated his disability retirement annuity on June 30, 2015, based on its determination that the appellant had returned to earning capacity. *Id.* at 7-8. After the appellant contacted OPM about reinstating his disability annuity, OPM provided him with information on how to apply for reinstatement. *Id.* at 7. On March 27, 2017, OPM issued an initial decision stating that it had not received the required documentation from the appellant, and thus he had not met all requirements for reinstatement of his disability annuity. *Id.* at 8. OPM's initial decision stated that the appellant had 30 calendar days to request reconsideration of the decision. *Id.* The decision further stated that if the appellant failed to submit his request for reconsideration within the time limit, OPM would dismiss his request as untimely unless he can show that he was unaware of the time limit, not notified of the time limit, or prevented from responding by circumstances beyond his control. IAF, Tab 5 at 7. The initial decision was signed by a Legal Administrative Specialist within the Disability, Reconsideration and Appeals division of OPM. *Id.*

¶3 Although not stated in the record, the 30-calendar-day time limit in which the appellant had to request reconsideration of the initial decision lapsed on April 26, 2017. Apparently in response to the March 27, 2017 letter, on May 2, 2017, the appellant emailed the same Legal Administrative Specialist who issued the initial decision stating:

> I would like to have some extra time to provide the [information requested]. I am receiving care from the [Veterans Administration] Oakland mental health program. I am receiving help with a social

worker and clinical psychiatrist nurse practitioner who would like to know if they can contact you to see what you need in terms of providing [the requisite documentation you need].

IAF, Tab 3 at 7-8. That same day, the Legal Administrative Specialist responded to his email saying that "there is no need to worry because this is just the initial decision" and that, if the appellant cannot get the requisite documents within the 30-day time limit, he could "request reconsideration which is very easy to do." *Id.* at 7. The Legal Administrative Specialist went on to state that, in order to do so, the appellant only needed to "sign and date the reconsideration request and fax or mail it back to the office within 30 days."[2] *Id.*

¶4 The following day, on May 3, 2017, the appellant responded to the chain of emails saying that, per their conversation, he had attached a signed and dated letter requesting reconsideration. *Id.* The Legal Administrative Specialist responded, saying that she is no longer involved in the appellant's case. *Id.* at 6. She also provided an address to which the appellant needed to send his request for reconsideration and stated that "[a] request for reconsideration must be received in OPM within 30 calendar days *of the date of this letter*." *Id.* (emphasis added). The appellant responded, saying that it "sounds to me that I need to submit a letter to request a reconsideration to the address you provided below within 30 days of this letter to review the decision to my case." *Id.* The Legal Administrative Specialist responded "correct." *Id.*

¶5 On May 30, 2017, the appellant formally requested reconsideration of the reinstatement decision regarding his disability annuity. IAF, Tab 1 at 9. The agency appears to have conceded below that the appellant requested reconsideration on May 30, 2017. IAF, Tab 5 at 4. The request stated that it was filed late due to processing of the appellant's documents through the Department of Veterans Affairs (VA) and attached documentation from the VA stating that he

---

[2] This entire email conversation took place after the original 30-day time limit on the initial decision had already lapsed.

continued to receive therapy, treatment, and medication for his PTSD and depression. IAF, Tab 1 at 9-10.

¶6    On August 29, 2017, seemingly in response to an email from the appellant, a different Legal Administrative Specialist with OPM emailed the appellant, saying that she was not assigned to his case but would forward his email to the correct party and that, "[a]ccording to the system, your case is active." IAF, Tab 3 at 9. On September 14, 2017, the appellant emailed OPM retirement services, stating "I'm not sure what's going on, I've tried several times to inquiry from [sic] OPM" and that "I need my disability annuity and I'm not sure if the request I sent to restore my annuity is still pending for reconsideration." *Id.* at 10-11. He received an automated response from OPM. *Id.*

¶7    On October 27, 2017, the appellant emailed a third Legal Administrative Specialist, stating that he was trying to get reinstatement of his disability annuity and was enclosing clinical documentation detailing the status of his depression and PTSD conditions. IAF, Tab 1 at 13. He further stated that he had not returned to his prior earning capacity, and he attached his Leave and Earnings statement from his current employer. *Id.* Over the next several days, the appellant exchanged emails with this third Legal Administrative Specialist, ironing out the specific documents the appellant needed to provide. *Id.* at 12-13. The appellant provided his 2016 W-2 tax return and offered to provide any other requisite documentation. *Id.* On November 22, 2017, the third Legal Administrative Specialist informed the appellant that his "case is in our Disability, Reconsideration, & Appeals Branch for a medical review. A decision has not yet been made." *Id.* at 12. On January 10, 2018, the appellant emailed the third Legal Administrative Specialist, inquiring about the status of his case and again offering to provide any additional documents as needed. *Id.* The record does not show any response to this last email.

¶8    On April 4, 2018, the appellant filed an appeal with the Board stating that OPM had failed to issue a final decision "for reasons unknown" and asked the

Board to order OPM to reinstate his disability annuity. IAF, Tab 1 at 6. On April 17, 2018, OPM filed a motion to dismiss for lack of jurisdiction. IAF, Tab 5 at 4-5. According to OPM, "the appellant requested reconsideration of the initial decision on May 30, 2017; however the appellant has not received any appealable decision from OPM." *Id.* at 4. Because OPM had not issued a final decision on the appellant's request for reconsideration, OPM argued, the Board lacked jurisdiction. *Id.* at 4-5.

¶9    The administrative judge issued an initial decision declining to find that OPM had refused or improperly failed to issue a final decision. IAF, Tab 6, Initial Decision (ID) at 6. Rather, due to the emails and communications between the appellant and various persons at OPM, the administrative judge found that OPM had his reconsideration request before it and was working towards a decision. ID at 6-7. Accordingly, the administrative judge granted OPM's motion to dismiss and dismissed the appeal for lack of jurisdiction without a hearing. ID at 7.

¶10    On June 15, 2018, OPM issued its final decision in the matter. Petition for Review (PFR) File, Tab 3 at 6. The final decision stated that the appellant's request for reconsideration was received by OPM beyond the allowable time limit. *Id.* It further stated that, because his request for reconsideration was untimely, OPM could only reconsider its initial determination if he could show either (1) that he was not notified of the time limit or otherwise aware of it, or (2) that he was prevented by circumstances beyond his control from making the request within the time limit. *Id.* According to OPM, they sent the appellant a letter on May 10, 2018, requesting evidence to show why his request for reconsideration was untimely, but he failed to respond.[3] *Id.* Because he failed to present sufficient evidence on the timeliness issue, his request for reconsideration

---

[3] Other than this reference in OPM's final decision, this May 10, 2018 communication from OPM to the appellant is absent from the record.

was dismissed as untimely filed. *Id.* The final decision stated that the appellant may appeal the matter to the Board within 30 calendar days. *Id.* at 6-7.

¶11    Following OPM's final decision, on July 9, 2018, the appellant filed a petition for review, to which OPM has responded. PFR File, Tabs 3, 5. The appellant reiterates his claims on the merits of his annuity determination and additionally states that his request for reinstatement was delayed because he had to produce medical records from the VA, which was a circumstance beyond his control. PFR File, Tab 3 at 4-5. The appellant alternatively requests that his petition for review be considered an appeal from OPM's final decision. *Id.* at 5.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶12    When OPM dismisses an individual's request for reconsideration of an initial decision as untimely, the Board has jurisdiction over an appeal regarding the timeliness determination. *Kent v. Office of Personnel Management*, 123 M.S.P.R. 103, ¶ 7 (2015). The Board will reverse a decision by OPM dismissing a reconsideration request on timeliness grounds only if it finds that the dismissal was unreasonable or an abuse of discretion. *Id.* If the Board determines that OPM's timeliness determination was unreasonable or an abuse of discretion, Board jurisdiction then attaches to the merits of the appeal. *Id.*

¶13    Under both the Civil Service Retirement System (CSRS) and the Federal Employees' Retirement System (FERS), a request for reconsideration of an initial decision issued by OPM regarding retirement benefits generally must be received by OPM within 30 calendar days from the date of the initial decision. *Id.*; 5 C.F.R. §§ 831.109(e)(1), 841.306(d)(1).[4] OPM's regulations provide that OPM may extend the time limit when the individual shows either that (1) he was not

---

[4] It is not clear from the record whether the appellant is covered under CSRS or FERS; however, this distinction is not relevant for purposes of our analysis here as the applicable regulatory standards governing the timeliness of reconsideration requests under CSRS and FERS are essentially identical. *See Kent*, 123 M.S.P.R. 103, ¶ 8 n.5 (citing 5 C.F.R. §§ 831.109(e), 841.306(d)).

notified of the time limit and was not otherwise aware of it, or (2) he was prevented by circumstances beyond his control from making the request within the time limit. *Kent*, 123 M.S.P.R. 103, ¶ 8; 5 C.F.R. §§ 831.109(e)(2), 841.306(d)(2). In relevant part, the regulations state that an "[OPM] representative . . . may extend the time limit." 5 C.F.R. §§ 831.109(e)(2), 841.306(d)(2). If an appellant shows that he qualified for an extension of the time limit under OPM's regulations, the Board will then consider whether OPM acted unreasonably or abused its discretion in refusing to extend the time limit and dismissing his request for reconsideration as untimely filed. *Kent*, 123 M.S.P.R. 103, ¶ 8.

¶14      Here, 6 calendar days after his request for reconsideration was due, the appellant asked OPM for "extra time." IAF, Tab 3 at 7-8. OPM responded that the request must be received by OPM "within 30 calendar days *of the date of this letter*."[5] *Id.* at 6-7 (emphasis added). Accordingly, we find that the OPM representative extended the time limit for the appellant to request reconsideration to 30 days after the May 3, 2017 email exchange, or June 2, 2017. Although OPM is aware of the timeliness issue on review, it has not addressed it. PFR File, Tab 5. Instead, it argues that the appellant must file a new appeal of the reconsideration decision. PFR File, Tab 5 at 6. OPM is mistaken. The Board's practice is to adjudicate an appeal that was premature when it was filed but becomes ripe while pending with the Board. *Simnitt v. Department of Veterans Affairs*, 113 M.S.P.R. 313, ¶ 9 (2010).

¶15      Our conclusion that OPM extended the appellant's time to request reconsideration is further supported by the fact that at no point throughout the appellant's case, including in OPM's responses to his Board appeal, did any representative from OPM reference that his original request for reconsideration was untimely. Rather, the various OPM representatives continually sought to

_____

[5] The date of that "letter" was May 3, 2017. IAF, Tab 3 at 6.

work with the appellant to compile the requisite information and documents necessary to make a final decision on the merits of his disability retirement annuity.  IAF, Tab 3 at 6-9, 12-14.  It was not until after the administrative judge issued the initial decision, and more than 1 year after OPM's initial decision, that OPM first referenced the untimeliness of the appellant's request for reconsideration.  PFR File, Tab 3 at 6-7.

¶16    Because the appellant filed his request for reconsideration within the extended time limit provided by OPM, the Board's jurisdiction attaches to the merits of the appeal.  *Kent*, 123 M.S.P.R. 103, ¶ 7.  The Board will now consider the disability retirement eligibility issue de novo.  *See Licausi v. Office of Personnel Management*, 350 F.3d 1359, 1364 (Fed. Cir. 2003) ("Because the Board engages in de novo consideration of the [disability retirement] eligibility issue, it is not confined to either upholding OPM's decision on the ground invoked by OPM or remanding to OPM for further proceedings."); *Ancheta v. Office of Personnel Management*, 95 M.S.P.R. 343, ¶¶ 18-19 (2003) (finding under *Licausi* that it was unnecessary to remand a disability retirement appeal to OPM for a new reconsideration decision addressing the appellant's ability to render useful and efficient service and instead remanding to the Board's regional office for further proceedings).  Thus, on remand, if the administrative judge "is persuaded that the employee has met his or her burden of showing entitlement to benefits, [he] will direct that benefits be awarded; otherwise, [he] will sustain the denial of benefits."  *Licausi*, 350 F.3d 1359, 1364.

**ORDER**

¶17    For the reasons discussed above, we remand this case to the Western Regional Office for further adjudication in accordance with this Remand Order.

FOR THE BOARD:        /s/ for

                                         Jennifer Everling
                                         Acting Clerk of the Board

Washington, D.C.